UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**EDWARD H. FLINT**                                                              **PLAINTIFF**

v.                                                            **CIVIL ACTION NO. 3:15CV-380-CRS**

**METLIFE INSURANCE COMPANY**                       **DEFENDANT**
**OF CONNECTICUT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion for recusal by *pro se* Plaintiff Edward H. Flint (DN 12). As grounds for his motion, Plaintiff argues that he has sued the undersigned in the past for bias. He states, "Under Cannons and Title 28 U.S.C. #455 Judge Simpson must disqualify himself from all cases that involve Plaintiff Flint. For Judge Simpson not to recuse himself from this case would be denying Plaintiff his civil rights."

Plaintiff did in fact sue the undersigned over four years ago in *Flint v. Simpson*, 3:11-CV-275-JBC. That action was dismissed as meritless. The Sixth Circuit Court of Appeals affirmed the dismissal, *Flint v.Simpson*, No. 11-5727, and the United States Supreme Court denied Plaintiff's petition for writ of certiorari. *Flint v Simpson*, 132 S. Ct. 2723 (2013).

Both 28 U.S.C. § 144[1] and § 455(b)(1) require a judge to disqualify himself from hearing a case where he has a personal prejudice or bias concerning a party. As used in both statutes, the phrase "personal prejudice or bias" is interpreted as having the same meaning. *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985). To demonstrate bias or prejudice, the party seeking recusal must set out specific facts demonstrating a personal bias that stems from an extrajudicial source. *See Alexander v. Chicago Park Dist.*, 773 F.2d 850, 856 (7th Cir. 1985).

---

[1] Under § 144, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned . . . ." 28 U.S.C. § 144. Plaintiff has not submitted an affidavit in support of his motion.

Motions for recusal are committed to the sound discretion of the district court deciding the motion. *See Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). Further, it is proper for the challenged judge to rule on the motion for recusal. *See Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988).

Plaintiff's argument for recusal is without merit. The fact that Plaintiff previously sued the undersigned is not a valid basis to support recusal. That prior suit "is not sufficient to establish that . . . recusal from [this] case is warranted under 28 U.S.C. § 144 or § 455(a)." *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam). To hold otherwise "would allow litigants to judge shop." *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005). "And even if litigation against a judge is not for the purpose of disqualification, recusal is not automatic because suits against public officials are common and a judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit." *Id*.

The Court is thoroughly convinced that there is no valid basis for recusal of the undersigned judge under either 28 U.S.C. § 144 or § 455.[2] Accordingly,

**IT IS ORDERED** that Plaintiff's motion for recusal (DN 12) is **DENIED**.

Date: November 16, 2015

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4411.010

---

[2] The Court notes that it recently denied an identical motion for recusal by Plaintiff in *Flint v. Stumbo, et al.*, 3:15CV-292-CRS.